UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

CARLOS M. VALENCIA
and other similarly-situated individuals,

    Plaintiff(s),

v.

CMC ASSET HOLDINGS, LLC
THE LOCAL CUBAN, LLC
a/k/a THE LOCAL CUBAN EATERY,
and JULIO MALLEA and CARMEN MALLEA,
Individually,

    Defendants,
_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff CARLOS M. VALENCIA, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants CMC ASSET HOLDINGS, LLC, THE LOCAL CUBAN, LLC, a/k/a THE LOCAL CUBAN EATERY, and JULIO MALLEA and CARMEN MALLEA, and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid regular and overtime wages, and retaliation under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff CARLOS M. VALENCIA is a resident of Miami-Dade County, within the jurisdiction of this Court. The Plaintiff is a covered employee for purposes of the Act.

3. Defendants CMC ASSET HOLDINGS, LLC THE LOCAL CUBAN, LLC, a/k/a THE LOCAL CUBAN EATERY (hereinafter THE LOCAL CUBAN EATERY, or Defendant) are Florida corporations, having a place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendant. at all times material hereto, Defendants were engaged in interstate commerce. Defendant CMC ASSET HOLDINGS, LLC is the parent company of THE LOCAL CUBAN, LLC, both companies operate THE LOCAL CUBAN EATERY.

4. The individual Defendants JULIO MALLEA and CARMEN MALLEA were and are now, owners/partners/manager of THE LOCAL CUBAN EATERY. These individual Defendants were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this complaint took place in Dade County Florida, within the jurisdiction of this Court.

GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff CARLOS M. VALENCIA to recover from Defendant regular hours, overtime compensation, liquidated damages, retaliatory damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT").

7. Defendant THE LOCAL CUBAN EATERY, is a restaurant located at 1601 Drexel Avenue, Miami Beach 33139, where Plaintiff worked.

8. Defendants THE LOCAL CUBAN EATERY, JULIO MALLEA, and CARMEN MALLEA employed Plaintiff CARLOS M. VALENCIA as a non-exempt, full-time,

hourly restaurant employee approximately from October 15, 2019, to February 8, 2020, or 16 weeks plus 4 days.

9. The Plaintiff was hired to work as a cook, line cook, and prep cook. He was paid $14.00 an hour, and his overtime rate should be $21.00 an hour.

10. During his relevant employment period with Defendants, the Plaintiff maintained a regular schedule. Plaintiff worked 5 days per week; from Tuesday to Thursdays, Plaintiff worked from 3:30 PM to 11:30 PM (8 hours daily); on Friday and Saturday, Plaintiff worked from 3:30 AM to 12:00 AM (8.5 each day). The Plaintiff completed a minimum of 41 hours every week. The Plaintiff did not take bonafide lunch breaks.

11. The Plaintiff worked in excess of 40 hours every week. However, every week Plaintiff was paid for less than 40 hours.

12. Plaintiff estimates that while employed by Defendants, he was not paid for a minimum average of 7 regular hours and 1 overtime hour every week.

13. The Plaintiff clocked in and out using the cash register, and sometimes manager Carmen Mallea entered Plaintiff's clock in time, but Defendants were able to keep track of the hours worked by Plaintiff and other similarly situated individuals.

14. Therefore, Defendants willfully failed to pay Plaintiff minimum wages and overtime hours at the rate of time and one-half his regular rate for every hour that they worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

15. The Plaintiff was paid bi-weekly with checks, sometimes with paystubs that did not reflect the real number of hours worked, and sometimes without any paystub or record showing the number of days and hours worked, wage rate, employment taxes withheld, etc.

16. The Plaintiff disagreed with the number of regular working hours paid, and with the lack of payment for overtime hours, and he complained multiple times to the Defendants. The Defendants always promised that they will fix it in the next payment period.

17. As a result of the Plaintiff's multiple complaints, on or about February 08, 2020, the Plaintiff was fired by the Defendants without paying him his last bi-weekly payment.

18. In addition, at the time of his termination, Plaintiff was not paid for his last 2 weeks of employment.

19. The Plaintiff is not in possession of time and payment records, but he will provide a good faith estimate based on his best recollections. The Plaintiff will base his calculation in an average of 7 regular unpaid regular hours, and 1 unpaid overtime hour in each workweek. Plaintiff will amend his statement of claim after proper discovery.

20. Plaintiff CARLOS M. VALENCIA seeks to recover unpaid regular wages and overtime hours, accumulated during all his time of employment, liquidated damages, retaliatory damages, and any other damages, as allowable by law.

21. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid regular wages, or overtime hours at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**

22. Plaintiff CARLOS M. VALENCIA re-adopts every factual allegation as stated in paragraphs 1-21 above as if set out in full herein.

23. This cause of action is brought by Plaintiff CARLOS M. VALENCIA as a collective action to recover from Defendants overtime compensation, liquidated damages, costs and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after October 2019, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

24. Defendant, THE LOCAL CUBAN EATERY was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant is a Cuban restaurant, catering basically to tourists, and it is engaged in interstate commerce. The Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

25. Plaintiff and those similarly-situated were employed by an enterprise engaged in interstate commerce. The Plaintiff and those similarly-situated through their daily activities were

regularly engaged in interstate commerce. The Plaintiff as a cook regularly handled and worked on goods and materials that were moved across State lines at any time during business. Therefore, there is FLSA individual coverage.

26. Defendants THE LOCAL CUBAN EATERY, JULIO MALLEA, and CARMEN MALLEA employed Plaintiff CARLOS M. VALENCIA as a non-exempt, full-time, hourly restaurant employee approximately from October 15, 2019, to February 8, 2020, or 16 weeks plus 4 days.

27. The Plaintiff was hired to work as a Cook, line cook, and prep cook. He was paid $14.00 an hour, and his overtime rate should be $21.00 an hour.

28. During his relevant employment period with Defendants, the Plaintiff maintained a regular schedule. The Plaintiff worked 5 days per week a minimum of 41 hours every week. The Plaintiff did not take bonafide lunch breaks.

29. The Plaintiff worked in excess of 40 hours every week. However, every week Plaintiff was paid for less than 40 hours.

30. Plaintiff estimates that while employed by Defendants, he was not paid for 1 overtime hour every week.

31. Plaintiff clocked in and out in the cash register, or sometimes manager Carmen Mallea entered Plaintiff's clock in time. Defendants were able to keep track of the hours worked by the Plaintiff and other similarly situated individuals.

32. Therefore, Defendants willfully failed to pay Plaintiff minimum wages and overtime hours at the rate of time and one-half his regular rate for every hour that they worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

33. The Plaintiff was paid bi-weekly with checks, sometimes with paystubs that did not reflect the real number of hours worked, and sometimes without any paystub or record showing the number of days and hours worked, wage rate, employment taxes withheld, etc.

34. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation actually paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain time accurate records of hours worked by the Plaintiff and other employees.

35. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

36. The Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

37. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of unpaid overtime wages is as follows:

   \* Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modifications as discovery could dictate.

   a. <u>Total amount of alleged unpaid O/T wages</u>:

      Three Hundred Thirty-Six Dollars and 00/100 ($336.00)

   b. <u>Calculation of such wages</u>:
      Total period of employment: 16 weeks
      Relevant weeks of employment: 16 weeks
      Total hours worked: 41 hours weekly average
      Total overtime hours: 1 overtime hours
      Regular rate: $14.00 x 1.5= $21.00 O/T rate
      O/T rate: $21.00 an hour

      O/T rate $21.00 x 16 weeks= hours=$336.00

      <u>Nature of wages (e.g. overtime or straight time)</u>:

This amount represents unpaid overtime wages.

38. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

39. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

40. At the times mentioned, individual Defendants JULIO MALLEA and CARMEN MALLEA were and are now, owners/partners/manager of THE LOCAL CUBAN EATERY. These individual Defendants were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. Defendants JULIO MALLEA and CARMEN MALLEA acted directly in the interests of THE LOCAL CUBAN EATERY in relation to its employees including Plaintiff and others similarly situated. Defendants JULIO MALLEA and CARMEN MALLEA had operational control of the business, determined working conditions of Plaintiff, and they are jointly and severally liable for the Plaintiff's damages.

41. Defendants THE LOCAL CUBAN EATERY, JULIO MALLEA and CARMEN MALLEA, willfully and intentionally refused to pay Plaintiff overtime wages at the rate of

time and one half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

42. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff CARLOS M. VALENCIA and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff CARLOS M. VALENCIA and other similarly situated individuals and against the Defendants THE LOCAL CUBAN EATERY, and JULIO MALLEA and CARMEN MALLEA based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff CARLOS M. VALENCIA actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff CARLOS M. VALENCIA demands trial by a jury of all issues triable as of right by jury.

## COUNT II:
## F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS

43. Plaintiff CARLOS M. VALENCIA re-adopts every factual allegation as stated in paragraphs 1-21 of this complaint as if set out in full herein.

44. This action is brought by Plaintiff CARLOS M. VALENCIA and those similarly-situated to recover from the Employer THE LOCAL CUBAN EATERY unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

45. The employer THE LOCAL CUBAN EATERY was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant is a retail company performing as a restaurant. The Defendant has more than two employees directly and recurrently engaged in interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. Therefore, there is enterprise coverage.

46. The Plaintiff was employed by an enterprise engaged in interstate commerce. The Plaintiff and other employees similarly situated handled and worked on goods and materials and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

47. U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day

48. Defendants THE LOCAL CUBAN EATERY, JULIO MALLEA, and CARMEN MALLEA employed Plaintiff CARLOS M. VALENCIA as a non-exempt, full-time, hourly restaurant employee approximately from October 15, 2019, to February 8, 2020, or 16 weeks plus 4 days.

49. The Plaintiff was hired to work as a Cook, line cook, and prep cook. He was paid $14.00 an hour.

50. During his relevant employment period with Defendants, the Plaintiff maintained a regular schedule. The Plaintiff worked 5 days per week a minimum of 41 hours every week. The Plaintiff did not take bonafide lunch breaks.

51. The Plaintiff worked in excess of 40 hours every week. However, every week Plaintiff was paid for less than 40 hours.

52. The Plaintiff estimates that while employed by Defendants he was not paid for a minimum average of 7 regular hours every week.

53. In addition, at the time of his termination, Plaintiff was not paid for his last 2 weeks of employment.

54. Plaintiff clocked in and out in the cash register, or sometimes manager Carmen Mallea entered Plaintiff's clock in time, but Defendants were able to keep track of the hours worked by Plaintiff and other similarly situated individuals.

55. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act.

56. The Plaintiff was paid bi-weekly with checks, sometimes with paystubs that did not reflect the real number of hours worked, and sometimes without any paystub or record showing the number of days and hours worked, wage rate, employment taxes withheld, etc.

57. The records, if any, concerning the number of hours worked by Plaintiff CARLOS M. VALENCIA, and all others similarly situated employees, and the compensation paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, the Defendant did not maintain accurate and complete time records of hours worked by the Plaintiff and other employees in the asserted class.

58. The Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

59. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

60. Prior to the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of the unpaid minimum wage is as follows:

*Plaintiff wage-rate was $14.00 an hour. Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

    a. <u>Total amount of alleged unpaid wages</u>:

    One Thousand Five Hundred Twenty-Three Dollars and 68/100 ($1,523.68)

    b. <u>Calculation of such wages</u>:

    Total relevant weeks of employment: 16 weeks
    Total relevant weeks of employment:16 weeks

    1.- Minimum wages for 14 weeks with 7 unpaid regular hours each.
    Relevant weeks: 14 weeks
    Total hours worked: 41 regular hours weekly
    Total unpaid regular hours: 7 hours average

Fl. Min. Wage: $8.46 an hour

FL. Min. wage 8.56 x 7 hours=$59.92 weekly x 14 weeks=$838.88

2.- Minimum wages for 14 weeks with 7 unpaid regular hours each.
Relevant weeks: 2
Total hours worked: 40 regular hours weekly
Total unpaid regular hours: 40 hours
Fl. Min. Wage: $8.56 an hour

FL. Min. wage 8.56 x 40 hours=$342.40 weekly x 2 weeks=$684.80

Total #1, and #2: $1,523.68

c. <u>Nature of wages:</u>

This amount represents unpaid minimum wages.

61. Defendants THE LOCAL CUBAN EATERY, JULIO MALLEA and CARMEN MALLEA willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States, and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above.

62. Defendants THE LOCAL CUBAN EATERY, JULIO MALLEA, and CARMEN MALLEA knew and/or showed a reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these minimum wages as set forth above, and Plaintiff is entitled to recover double damages.

63. At the times mentioned, individual Defendants JULIO MALLEA and CARMEN MALLEA were the owners/partners and manager of THE LOCAL CUBAN EATERY. Defendants JULIO MALLEA and CARMEN MALLEA were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in

the interests of THE LOCAL CUBAN EATERY in relation to their employees, including Plaintiff and others similarly situated. Defendants JULIO MALLEA and CARMEN MALLEA had absolute financial and operational control of the Corporation, determining terms and working conditions of Plaintiff and other similarly situated employees, and they are jointly and severally liable for the Plaintiff's damages.

64. Defendants THE LOCAL CUBAN EATERY, JULIO MALLEA and CARMEN MALLEA willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States, and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff CARLOS M. VALENCIA and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff CARLOS M. VALENCIA and against the Defendants THE LOCAL CUBAN EATERY, JULIO MALLEA and CARMEN MALLEA based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available

pursuant to Federal Law.

## JURY DEMAND

Plaintiff CARLOS M. VALENCIA and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

## COUNT III:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATORY DISCHARGE; AGAINST ALL DEFENDANTS

65. Plaintiff CARLOS M. VALENCIA re-adopts every factual allegation as stated in paragraphs 1-21 of this complaint as if set out in full herein.

66. Defendant, THE LOCAL CUBAN EATERY was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant is a Cuban restaurant, catering basically to tourists, and it is engaged in interstate commerce. The Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

67. Plaintiff and those similarly-situated were employed by an enterprise engaged in interstate commerce. The Plaintiff and those similarly-situated through their daily activities were regularly engaged in interstate commerce. The Plaintiff, as a cook regularly handled and

worked on goods and materials that were moved across State lines at any time during business. Therefore, there is FLSA individual coverage.

68. Defendant THE LOCAL CUBAN EATERY was and is subjected to the provisions of the Fair Labor Standards Act (FLSA).

69. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

70. 29 U.S.C. § 206 (a) (1) states "….an employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

71. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

72. Defendants THE LOCAL CUBAN EATERY, JULIO MALLEA, and CARMEN MALLEA employed Plaintiff CARLOS M. VALENCIA as a non-exempt, full-time, hourly restaurant employee approximately from October 15, 2019, to February 08, 2020, or 16 weeks plus 4 days.

73. The Plaintiff was hired to work as a Cook, line cook, and prep cook. He was paid $14.00 an hour, and his overtime rate should be $21.00 an hour.

74. During his relevant employment period with Defendants, the Plaintiff maintained a regular schedule. The Plaintiff worked 5 days per week a minimum of 41 hours every week. The Plaintiff did not take bonafide lunch breaks.

75. The Plaintiff worked in excess of 40 hours every week. However, every week Plaintiff was paid for less than 40 hours.
76. Plaintiff estimates that while employed by Defendants, he was not paid for a minimum average of 7 regular hours and 1 overtime hour every week.
77. The Plaintiff clocked in and out in the cash register, and sometimes manager Carmen Mallea entered Plaintiff's clock in time. Defendants were able to keep track of the hours worked by Plaintiff and other similarly situated individuals.
78. Therefore, Defendants willfully failed to pay Plaintiff minimum wages and overtime hours at the rate of time and one-half his regular rate for every hour that they worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).
79. The Plaintiff was paid bi-weekly with checks, sometimes with paystubs that did not reflect the real number of hours worked, and sometimes without any paystub or record showing the number of days and hours worked, wage rate, employment taxes withheld, etc.
80. The Plaintiff disagreed with the number of regular working hours paid, and lack of payment for overtime hours and he complained multiple times to the Defendants JULIO MALLEA and CARMEN MALLEA. Defendants always promised that they will fix it in the next payment period.
81. The Plaintiff requested to be paid his missing hours on January 31, and on February 07, 2020. The Plaintiff complained about unpaid hours, to the owners of the business JULIO MALLEA and CARMEN MALLEA.
82. These complaints constituted protected activity under the Fair Labor Standards Act.

83. As a result of Plaintiff's multiple complaints, on or about February 08, 2020, the Plaintiff was fired by the Defendant JULIO MALLEA. At the time of his termination, Plaintiff was not paid for his last 2 weeks of work.

84. At all times during his employment with Defendants, Plaintiff performed his duties satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendants.

85. There is closed proximity between the Plaintiff's protected activity and the date of his termination.

86. At the times mentioned, individual Defendants JULIO MALLEA and CARMEN MALLEA were the owners/partners and manager of THE LOCAL CUBAN EATERY. Defendants JULIO MALLEA and CARMEN MALLEA were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of THE LOCAL CUBAN EATERY in relation to their employees, including Plaintiff and others similarly situated. Defendants JULIO MALLEA and CARMEN MALLEA had absolute financial and operational control of the Corporation, determining terms and working conditions of Plaintiff and other similarly situated employees, and they are jointly and severally liable for the Plaintiff's damages.

87. Defendants THE LOCAL CUBAN EATERY, and JULIO MALLEA and CARMEN MALLEA willfully and intentionally refused to pay Plaintiff minimum and overtime wages as required by the FLSA, and then retaliated against Plaintiff by firing him.

88. The motivating factor which caused the Plaintiff's termination as described above was the complaint seeking overtime wages from the Defendants. In other words, Plaintiff would not have been discharged but for his complaint about overtime wages.

89. The Defendants' termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (a)(3) and, as a direct result, the Plaintiff has been damaged.

90. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff CARLOS M. VALENCIA respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants THE LOCAL CUBAN EATERY, and JULIO MALLEA AND CARMEN MALLEA that Plaintiff CARLOS M. VALENCIA recovers compensatory, damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff CARLOS M. VALENCIA further prays for such additional relief as the interests of justice may require. a

## JURY DEMAND

Plaintiff CARLOS M. VALENCIA demands trial by a jury of all issues triable as of right by jury.

Dated: March 27, 2020

    Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*