**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:20-cv-21351-BECERRA**

CARLOS M. VALENCIA,                           )
                                               )
              Plaintiff,                        )
                                               )
v.                                             )
                                               )
CMC ASSET HOLDING, LLC., et al,                )
                                               )
              Defendants.                       )
                                               )

### ORDER APPROVING FLSA SETTLEMENT AND CLOSING CASE

THIS CAUSE came before the Court following an Order of Referral from Chief United

States District Court Judge K. Michael Moore.  ECF No. [4].  Thereafter, the parties consented to

proceed before the undersigned and the District Judge referred this matter to the undersigned for

all further proceedings, ECF Nos. [27], [28].

On March 227, 2020, Plaintiff filed his Complaint against Defendants for violating the Fair

Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*  ("FLSA").  ECF No. [1].  The FLSA requires

judicial review and the Court's determination that the settlement agreement "is a fair and

reasonable resolution of a bona fide [FLSA] dispute[.]" *Silva v. Miller*, 307 F. App'x 349, 351

(11th Cir. 2009).  If the settlement reflects a reasonable compromise over FLSA issues that are in

dispute, the Court may approve the settlement "to promote the policy of encouraging settlement in

litigation." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982).  The

following factors are typically considered when determining whether a settlement is fair and

reasonable: "(1) the existence of collusion behind the settlement; (2) the complexity, expense, and

likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery

completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible

recovery; and (6) the opinions of counsel." *Mason v. Wyndham Vacation Ownership, Inc.*, No. 10-1805, 2012 WL 570060, at *2 (M.D. Fla. Feb. 17, 2012) (citation omitted); *see also Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. Apr. 19, 2010).

The Court's review also includes a "review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under [the] settlement agreement." *Silva*, 307 F. App'x at 351. In evaluating the reasonableness of the proposed attorney's fee recovery, the Court should also consider the possible range of the Plaintiff's recovery as compared to the extent of success in obtaining the maximum recovery and whether that extent of success justifies the amount of counsel's fee award. *See Hensley v. Eckerhart*, 461 U.S. 424, 438 (1983); *Dees*, 706 F. Supp. 2d at 1241, 1243.

Here, the matter was before the Court for a settlement conference and the parties reached a settlement. ECF No. [25]. The settlement entered into by the parties was reviewed by the Court and its terms were entered into the court record. For the reasons stated on the record, the undersigned concludes that the resolution reached, including attorneys' fees and costs, is a fair and reasonable compromise of the Plaintiff's FLSA claims.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Parties' Settlement Agreement is **APPROVED**. It is further

**ORDERED AND ADJUDGED** that the Clerk of Court shall close this case. It is further

**ORDERED AND ADJUDGED** that this matter is hereby dismissed with prejudice and all pending motions are denied as moot, subject to the Court's retention of jurisdiction to enforce the Settlement Agreement, as set forth above in this Order. It is further

**ORDERED AND ADJUDGED** that the Court retains jurisdiction to enforce the terms of

the Settlement Agreement until July 330, 2020.

The Clerk of the Court is instructed to **CLOSE** the case.

**DONE AND ORDERED** in Chambers in Miami, Florida on July 1, 2020.

¶

_____
**JACQUELINE BECERRA**
**UNITED STATES MAGISTRATE JUDGE**

3